**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Carlos Peralta,<br>Petitioner,<br>v.<br>State of Nevada, *et al.*,<br>Respondents. | Case No.: 2:26-cv-02915-JAD-EJY<br>**Order Dismissing Habeas Petition and Closing Case**<br>[ECF Nos. 1, 1-1] |

Pro se Petitioner Carlos Peralta filed a 28 U.S.C. § 2241 petition for writ of habeas corpus and an application to proceed *in forma pauperis* ("IFP").[1] On initial review under the Habeas Rules,[2] I find that federal abstention is required because Peralta has an ongoing state criminal case.[3] So **I dismiss the petition without prejudice**.

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[4] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false[5], or plagued by procedural defects.[6] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition

[1] ECF Nos. 1, 1-1.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] *See State of Nevada v. Peralta*, Case No. C-26-400677-1.

[4] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[5] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[6] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

for habeas relief until he has properly exhausted his available state remedies for all claims raised.[7]

Peralta is challenging his ongoing criminal case and competency evaluation in state district court.[8] Peralta has not been convicted, and he alleges that he is being falsely held in a psychiatric facility.[9] He requests additional competency evaluations and release from pretrial custody.[10]

Peralta seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[11] The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[12] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[13] Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case.[14]

---

[7] *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).

[8] ECF No. 1-1 at 1-2.

[9] *Id.*

[10] *Id.* at 2, 7.

[11] *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

[12] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[13] *Sprint Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[14] *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Peralta challenges his competency evaluation and his pretrial detention related to his pending state criminal proceeding. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Peralta's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Peralta's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. Because he faces no extraordinary or irreparable injuries, federal abstention is required. The charges against Peralta are still pending, so dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED** that:

1. Petitioner Carlos Peralta's petition for writ of habeas corpus [ECF No. 1-1] is **DISMISSED without prejudice**. **A certificate of appealability is DENIED** because jurists of reason would not find the dismissal to be debatable or wrong.
2. The IFP application **(ECF No. 1) is granted.**
3. The Clerk of the Court is directed to:
    - **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No

response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 16, 2026